The opinion of the Court was delivered by
Whither, J.
There was a single disputed question of fact on the trial of these cases on the circuit.
*184 An alleged original deed of conveyance of tbe lands in question, and on wbicb defendants relied, was lost. An office copy was offered in evidence, under tbe Act of Assembly, 1848, wbicb presented no seal, and tbis it was insisted arose from a defect in tbe copy and not in,tbe original.
Sucb evidence as was in tbe power of defendants was offered on tbe subject, all of wbicb, whether arising from tbe record or otherwise, it was insisted was intrinsically incompetent. Tbe Circuit Judge held otherwise; and tbe question of fact was submitted to .the jury, who found in favor of tbe deed.
Tbe grounds of appeal challenge tbis verdict, not only as found on insufficient evidence, but that, as matter of law, “ no evidence, or ‘inference, or presumption, was admissible or sufficient to supply tbe defect in tbe record, wbicb is substituted for tbe original, tbe certified copy whereof is tbe only legitimate proof of tbe existence, contents, and execution of tbe original.”
Tbe leading question, it will be seen, presented to tbis Courtis, whether tbe office copy,regularly certified, furnishes conclusive evidence of tbe fact not to be gainsaid.
Adjudged cases answering as direct authority have not been found, and we are to rely on a just application of general principles. Tbe apprehension of fraud unquestionably lies at tbe very foundation of our rules in reference to muniment of title, with all tbe attendant solemnities of signing, sealing, and delivery. A prudent restraint should be imposed on any attempt to open tbe door on tbis and kindred questions, whilst an over-caution, whereby fair and legitimate inquiry is excluded, would be manifestly pernicious, and lead perhaps to tbe very evil intended to be guarded against.
Tbe restraints enforced in practice, when a party found occasion to rely on a lost deed, caused much embarrassment ,and occasionally worked great injustice. Tbe design of tbe *185 Act of Assembly, 1848, (11 Stat. 255) was to relax tbe strin. gency of tbe prevailing rules of. evidence, and facilities were provided by tbe Act for tbe introduction of secondary evidence. That it is evidence secondary in degree, however, is certainly true. Tbe original contains tbe higher evidence, and must still be produced if in tbe power or possession of the party. Tbe inspection of tbe original would be more satisfactory, as to questions of fact arising out of it, than could be bad either from subscribing witnesses, however tenacious their memory and unimpeachable their character, or from an office copy however unsullied and exact the public functionary. This is stated as a general rule. In the case, however, of this higher evidence by the adduction of the original, if there be an alleged erasure either by .accident or fraud, surely the fact may be inquired into and submitted to the jury. The paper speaks, and so strongly, that for the ends of truth, if in existence and accessible, its language must be heard, but it would be' a bold position to maintain that in all matters appertaining to what appears on its face, all inquiry is excluded. If a seal be added without authority, and after the execution and delivery, it may be made known surely by parol. If it has been subtracted in like manner, it may be inquired into. The very object of attestation is to be assured of the fact, and the examination of the witness in every day’s practice is directed to the very point. If, as to the original, the fact may be inquired into, and according to the proof the character of the paper be assailed and overthrown or sustained, the next step .in our present inquiry is, as to the higher ground claimed by the adduction of evidence conceded to be secondary in degree. When an office copy is presented, fair on its face, bearing evidence of an observance of all the forms required by law to give character to the original, can it be that, the-original paper itself is thereby secured from assault ? Prima facie it is what it purports to be, the act and deed of the party, *186 nevertheless it may not be, and tbe fact may be inquired into. What amount of evidence may be sufficient to satisfy the mind is not the point yet examined. Again, if an office copy be offered, with an allegation of fraudulent omission or negligent mistake on the part of the recording officer in making a proper registry of the original paper, is such inquiry to be excluded, and the original itself thereby condemned, invalidated, and destroyed? The examined copy is the higher evidence, next in order to the original, of what the original itself purports to be; and the certificate of the proper officer is evidence, which fully satisfies the law of that which it purports, but to hold it conclusive absolutely, and thereby exclude all further inquiry, involves the idea of infallibility that does not attach. There is much in the observance of rules founded in experience and practical wisdom, but the title to lands should not be divested by the inroads of time or accident, the invasion of a moth in the removal of a seal, much less by the clerical omission or fraudulent designs of a public- Register.
If it be manifest that the very gist of the inquiry was whether in fact the deed in question had been signed, sealed, and delivered, and that such an inquiry was legitimate, whether the original was before the Court or represénted by an alleged copy, then it is apparent, from the very nature of the case, that the jury in the present case were properly charged with thefact. If upon certain facts the Court, by the application of rules of law, can pronounce on their legal effect, such inference is matter of law. But this case can in no point of view be regarded as falling within this rule ; and hence, as a question of fact, the first ground of appeal sets forth as matter of complaint that the evidence was not sufficient to show that the original deed had a seal,
The evidence submitted to the jury is presented in the • report of the Judge and need not be recited. In our judg *187 ment tbe evidence warranted tbe conclnsion reached by tbe jury..
Tbe motion for a new trial is dismissed.
O’Neall, Glover, and Munro, JJ., concurred.
Wardlaw, J., bolding Court in Charleston.
Withers, J., sick.

Motion dismissed.